In the Matter of the Petition of the SOUTH BEACH RAILWAY COMPANY to Acquire Lands of FANNIE J. BYRNES.

*Street railroad companies — chapter 252 of 1884 does not authorize the acquiring of a road-way through private property, by the exercise of the right of eminent domain.*

Chapter 252 of the Laws of 1884, in relation to the construction of street railroad companies, does not authorize the taking of land, by the exercise of the right of eminent domain, for the purposes of the roadway of companies organized thereunder.

The clause in section 1 of said act, making these corporations subject to the general railroad act, was not designed to require the filing of a map of its route by a company organized under this act.

A company organized under such act, which has obtained the right to maintain a route on certain streets, is not authorized, under section 23 of the general railroad law, to change its route so as to leave the streets and go through private lands.

APPEAL by the South Beach Railway Company, the petitioner herein, from an order made at the Kings County Special Term (entered in the Richmond county clerk's office May 15, 1889), on the petition of the said South Beach Railway Company, the answer of Fannie J. Byrnes, and the proofs taken before a referee, denying the prayer of the petitioner and dismissing the petition in this matter, in which it was sought to obtain the appointment of three disinterested, competent freeholders, residing in the county of Richmond, as commissioners to ascertain and approve the compensation to be made to the owners or persons interested in certain real estate proposed to be taken for the purpose of the petitioner's road, to be used in the construction and operating of its railroad.

*Daniel G. Thompson*, for the petitioner, appellant.

*W. W. MacFarland*, for Fannie J. Byrnes, respondent.

BARNARD, P. J.:

Chapter 252 of the Laws of 1884 does not authorize the construction of the road through the lands of Mrs. Byrnes. The provisions of the act plainly indicate its scope and purpose. It is called an act to provide for street surface railroads and branches. The property

bounded thereon is to consent, or in case of refusal a commission is to be appointed. The local authorities having control over roads are to consent. No road is to be constructed where there is another street railroad without its consent. A map of the roads is not needed when the charter gives the routes of the roads. The clause in section 1 of chapter 252, Laws of 1884, making these corporations subject to the general railroad act are not designed to require a map. The purpose of a map is wholly taken away as to street railroads. If a majority consent or a commission authorizes it no one else can object. There are liabilities of railroad corporations which would apply to both kinds of railroads, and there is no doubt do apply by force of this clause. The petitioners got a right to a route on certain streets by getting the proper consents therefor, and it had no power to change its routes so as to leave the streets and go through private lands under section 23 of the general railroad law. The power to change the route under the general railroad act has no relevancy to a street railroad, where something more is needed than the two-thirds vote of the directors. If a route may be changed from one street to a private person's land, it may be changed from one street to another without the consent of the land on the changed route, or the consent of the local authorities. The act of 1884 does not authorize a route, in whole or in part, acquired by condemnation.

The order should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Order affirmed, with costs.